UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------------x
EQUAL EMPLOYMENT OPPORTUNITY           :
COMMISSION,                            :        Civil Action No.
                                       :
        Plaintiff,                     :
                                       :        ECF CASE
-against-                              :
                                       :
LONDON MANHATTAN CORP.                 :        COMPLAINT
d/b/a/ LONDON MEAT CO., INC.           :
                                       :
        Defendants.                    :        JURY TRIAL DEMAND
-------------------------------------------------------------x
```

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability, and to provide appropriate relief to David Case (the "Charging Party"), who was adversely affected by such unlawful practices. As alleged with greater specificity in paragraph eight (8) below, the Equal Employment Opportunity Commission ("Plaintiff" or "Commission") charges that defendant London Manhattan Corp. d/b/a London Meat Co., Inc. ("London Manhattan" or "Defendant") discriminated against the Charging Party by subjecting him to a hostile work environment on the basis of his disability and terminating him on the basis of his disability and in retaliation for engaging in the protected activity of opposing the unlawful conduct.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a)

of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference §§ 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The alleged unlawful employment practices were committed within the jurisdiction of the United States District Court for the Southern District of New York.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission ("EEOC"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant has continuously been a company doing business in the State of New York and the county of Manhattan and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000-e(g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

**STATEMENT OF CLAIMS**

7.    More than thirty days prior to the institution of this lawsuit, the Charging Party filed charges with the Commission alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.    Since at least July 2004, Defendant has engaged in unlawful employment practices in violation of Sections 102 and 503 of the ADA, 42 U.S.C. §§ 12112 and 12203, as outlined below:

    a.    Charging Party is an individual with a disability under the statute in that he has a Pervasive Developmental Disorder ("PDD") which substantially limits him in one or more major life activities, including, but not limited to interacting with others, communicating, and thinking.

    b.    Charging Party was employed as a Bookkeeper and accounts receivable clerk by Defendant from approximately July 2004 to August 2005.

    c.    Charging Party was employed in the same position by Defendant's prior owners, London Meat Co., Inc., from approximately 1992 to 2004

    d.    Charging Party performed bookkeeping services as an independent contractor for Defendant's prior owners, London Meat Co. Inc., from approximately 1982 to 1992.

    e.    Charging Party performed his job duties satisfactorily at all times.

    f.    Beginning in approximately the Fall of 2004, Charging Party was subjected to numerous instances of abusive and humiliating harassment because of his disability. Such harassment included but was not limited to: having gel repeatedly rubbed in his hair by a Manager; being tied up with masking tape by a Manager and one

of Defendant's co-owners; being placed on top of a meat-wrapping machine and wrapped in plastic by a Manager and one of Defendant's co-owners; being punched in the leg by a co-worker; being subjected to pornographic pictures of nude people; and having his desk repeatedly littered with paper clips and paper.

      g.      On or about July 19, 2005, Charging Party was terminated because he was falsely accused of taking inappropriate action to collect payment from one of Defendant's customers. Charging Party, however, had been instructed to take that action by one of Defendant's owners.

      h.      On or about July 21, 2005 Charging Party requested reconsideration of Defendant's decision to terminate him. Charging Party informed Defendant's owners that he wanted to continue his employment with Defendant and that he wanted the harassment to stop.

      i.      Defendant agreed not to fire Charging Party at that time; however, approximately a month later, on or about August 15, 2005, Defendant again terminated Charging Party allegedly for poor job performance.

      j.      Defendant terminated Charging Party on the basis of his disability and in retaliation for complaining about the discriminatory harassment.

9.      The effect of the practices complained of above has been to inflict emotional pain, suffering, and inconvenience upon Charging Party.

10.      The effect of the practices complained of above has been to deprive the Charging Party of equal employment opportunities and to otherwise adversely affect his status as an employee because of his disability and retaliation.

11.      The unlawful employment practices complained of above were intentional.

12. The unlawful employment practices complained of above were done with malice and reckless disregard for Charging Party's federally protected rights, in violation of 42 U.S.C. § 12101 et seq.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in employment practices which discriminate on the basis of disability and retaliation.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities and which eradicate the effects of Defendant's past and present unlawful employment practices.

C. Order Defendant to make whole the Charging Party by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including, but not limited to, front pay and reinstatement.

D. Order Defendant to make whole the Charging Party by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E. Order Defendant to make whole the Charging Party by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including pain, suffering and humiliation, in amounts to be determined at trial.

  F. Order Defendant to pay the Charging Party punitive damages for Defendant's malicious and reckless conduct in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

        Respectfully submitted,

        Ronald S. Cooper
        General Counsel

        James L. Lee
        Deputy General Counsel

        Gwendolyn Young Reams
        Associate General Counsel

        _____
        Elizabeth Grossman (EG 2478)
        Regional Attorney

        _____
        Adela Santos (AS 4429)
        Trial Attorney

        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        New York District Office
        33 Whitehall Street, 5th Floor
        New York, N.Y. 10004
        (212) 336-3695
        (212) 336-3623 (facsimile)
        adela.santos@eeoc.gov

Case 1:07-cv-08249-LTS-KNF     Document 1     Filed 09/21/2007     Page 7 of 7