UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
EQUAL EMPLOYMENT OPPORTUNITY        :
COMMISSION,                          :     Civil Action No.
                                     :     07-8249(LS)(KF)
    Plaintiff,                       :
                                     :
    -against-                         :
                                     :
LONDON MANHATTAN CORP.               :
d/b/a/ LONDON MEAT CO., INC.         :
                                     :
    Defendants.                       :
---------------------------------------------------------------x

**PRELIMINARY PRE-TRIAL STATEMENT**

**A.**   **Nature of the Case**

      The Equal Employment Opportunity Commission ("the Commission" or "Plaintiff") alleges that Defendant, London Manhattan Corp. d/b/a London Meat Co., Inc. ("London Manhattan" or "Defendant") violated the Americans with Disabilities Act of 1990 ("ADA"), by discriminating against David Case (the "Charging Party"), a qualified individual with a disability ("Asperger's Syndrome"). The unlawful conduct included subjecting the Charging Party to verbal and physical harassment which created a hostile work environment and terminating him because of his disability and/or in retaliation for requesting that the harassment against him stop.

**B. Basis of Court's Jurisdiction**

      Plaintiff alleges that jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 1343, 1345 and that this action is authorized and instituted pursuant to Section

107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981A.  Defendant does not contest that this Court has subject matter jurisdiction over this action.

C. **All Material Uncontested or Admitted Facts**

Defendant is a wholesale supplier and distributor of meat to restaurants and hotels in the New York City metropolitan area.

The Charging Party was employed by Defendant in July 2004 as a bookkeeper and accounts receivable clerk.  The Charging Party was responsible for basic bookkeeping, recording and maintenance of invoices, tracking of accounts receivable, and responding to and/or advising customers about outstanding invoices.

The Charging Party was employed in the same position by London Meat Co., Inc. London Meat Co., Inc. is a separate and distinct entity from London Manhattan Corp. London Manhattan Corp., as represented by London Manhattan Corp., does not possess common shareholders or officers as London Meat Co., Inc.  Pursuant to agreements London Manhattan Corp. acquired (for consideration) certain real estate interests and customer lists from London Meat Co., Inc.

Defendant terminated the Charging Party on or about August 15, 2005.

D. **All Uncontested Legal Issues**


E. **All Legal Issues to be Decided by the Court**

There are no legal issues to be decided by the Court at this time.

F.     **Material Disputed Facts**

(1)  Whether Defendant created a hostile work environment for the Charging Party by subjecting him to verbal and physical harassment because of his disability.

(2)  Whether the Charging Party performed his job duties satisfactorily.

(3)  Whether the Charging Party engaged in an activity protected by Title VII when he told Defendant's owners that he wanted the harassment against him to stop.

(4)  Whether Defendant terminated the Charging Party in retaliation for his complaining about the harassment and requesting that it stop.

(5)  Whether Defendant terminated the Charging Party because of his disability.

(6)  Defendant is a "covered entity" under Section 101(2) of the ADA.

(7) Whether Charging Party is a qualified individual with a disability under the ADA in that he has a Pervasive Development Disorder ("PDD") that substantially limits him in one or more major life activities, including but not limited to, interacting with others, communicating, and thinking.

**Legal Basis of Each Cause of Action Asserted**

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and/or retaliation and to provide appropriate relief to the "Charging Party"), a qualified individual with a disability, who was adversely affected by such practices.

G.     **Legal Basis of Each Defense Asserted or Expected to be Asserted**

Defenses are based upon the material disputed facts and defendant's claim that it is an entity separate and distinct from London Meat Co., Inc.

**H.**     **Measure of Proof and on Whom the Burden of Proof Falls**

Plaintiff has the burden of proving by a preponderance of the evidence that the Charging Party is a qualified individual with a disability and that Defendant discriminated against the Charging Party by subjecting him to harassment which resulted in a hostile work environment and by terminating him on the basis of his disability and/or in retaliation for complaining about the harassment. Plaintiff also has the burden of proving that the Charging Party was adversely affected by the unlawful conduct.

**I.**     **Amendments to Pleadings and/or Addition or Substitution of Parties**

EEOC does not anticipate the need to amend pleadings; however, there is a possibility the Charging Party will move to intervene in this action. The parties propose that the deadline for filing a motion to intervene be set for March 21, 2008.

**J.**     **Consent to Trial of the Case by a Magistrate Judge**

All parties do not consent to trial of the case by a Magistrate Judge.

**K.**     **Proposed Changes to the Timing, Form or Requirements for Disclosures under Fed.R.Civ.P. 26(a)**

The parties will make the required disclosures on or before January 11, 2008.

**L.**     **Subjects on Which Disclosure May be Needed, and Whether Discovery Should be Conducted in Phases or be Limited to or Focus Upon Particular Issues, and Description of Each Party's Plan for Discovery and a Proposed Discovery Cut-Off Date**

The parties require discovery as to the disputed allegations of the Complaint and defenses raised in the Answer. Discovery should not be conducted in phases. The parties plan to commence discovery with document requests and interrogatories, to be followed with depositions. The parties propose July 31, 2008 as the discovery cut-off date.

M. **<u>Whether Expert Evidence Will be Required and Proposed Deadline for Expert Discovery</u>**

  Plaintiff is undecided whether the Charging Party's treating physician(s) will be required to testify about the nature of the Charging Party's disability and his damages. The parties propose that expert discovery be completed by August 30, 2008.

N. **<u>Proposed Changes to the Limitations on Discovery Imposed Under the Federal Rules of Civil Procedure or the Local Rules of Court</u>**

  The parties do not believe the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules need to be changed in this case.

O. **<u>Status of Settlement Discussions and Prospects for Settlement of the Action</u>**

  The parties attempted to conciliate this action while it was pending at the administrative level. The parties are continuing to explore the possibility of settlement.

P. **<u>Whether the Case Should be Tried With or Without a Jury, and the Number of Trial Days Expected to be Needed by Each Party</u>**

  Plaintiff EEOC is requesting that the case be tried before a jury. EEOC believes it can present its case in chief in two or three days.

Q. **<u>Additional Orders that Should be Entered by the Court under Fed. R. Civ. P. 26© or Fed. R. Civ. P. 16(b) and (c)</u>**

  No other orders are necessary at this time.

Dated: December 17, 2007

/s/ Charles N. Internicola            /s/ Adela P. Santos

Charles N. Internicola (CI 4059)        Adela P. Santos (AS 4429)
Attorney                    Attorney

DECKER, DECKER, DITO          EQUAL EMPLOYMENT

& INTERNICOLA, LLP
Attorneys at Law
1610 Richmond Road
Staten Island, NY 10304
Tel: (718) 979-4300
Fax: (718) 351-3514 (fax
www.dddilaw.com

OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004-2112
Tel: (212) 336-3695
Fax: (212) 336-3623
adela.santos@eeoc.gov