DAVIDSON & GRANNUM, LLP
Sandra D. Grannum (SG6748)
Joel E. Davidson (JD0212)
30 Ramland Road
Orangeburg, New York 10962
Phone: (845) 365-9100
Attorneys for Proposed Third-Party
Intevenor David Case

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>**Plaintiff,**<br><br>-against-<br><br><br>LONDON MANHATTAN CORP. d/b/a/ LONDON MEAT CO., INC.<br><br>**Defendants.** | Civil Acton No. 07-CIV.-8249 (LTS) (KNF)<br><br><br><br>**JURY DEMANDED** |

## INTERVENORS' COMPLAINT IN INTERVENTION

PLEASE TAKE NOTICE, pursuant to Rule 24 of the Federal Rules of Civil Procedure, Intervenor David Case files this complaint as a Party Intervenor.

### PARTIES

1.   Intervenor is an Individual.

1

2. Plaintiff United States Equal Employment Opportunity Commission ("EEOC") is authorized under Section 107(a) of the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. 12117(a), which incorporates by reference 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. 2000e-5(f)(1), to commence an action against Defendant in connection with individual charges of disability discrimination pursuant to Title I of the ADA.

3. Defendant London Meat Company ("LMC") is an employer within the meaning of Section 101(7) of the ADA, 42 U.S.C. 12111(7), which incorporates by reference Section 701(g) and (h) of Title VII, 42 U.S.C. 2000e(g) and (h). At all relevant times, Defendant has been a covered entity under 101(2) of the ADA, 42 U.S.C. 12111(2).

## JURISDICTION

4. The Court has jurisdiction pursuant to 28 U.S.C. 451, 1331, 1337, 1343, and 1345.

5. Venue is proper in this district as Intervenor's employment with Defendant Company in Manhattan (New York County), State of New York, Southern District of New York gave rise to the instant action.

## THE ORIGINAL LAWSUIT

6. During David Case's employment, LMC discriminated against

him by subjecting him to a hostile work environment on the basis of his disability, Pervasive Developmental Disorder ("PDD"). LMS also terminated Case based on his disability and in retaliation for engaging in the protected activity of opposing LMC's unlawful conduct. Case filed a timely Charge of Discrimination with the EEOC. The EEOC determination found reasonable cause to believe Case's allegations of discrimination and retaliation were true.

7. Plaintiff EEOC, filed a complaint against Defendant LMC on or about September 21, 2007, alleging violations of Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12112 and 12203.

## FACTS

8. Since at least July 2004, Defendant has engaged in unlawful employment practices in violation of Sections 102 and 503 of the ADA, 42 U.S.C. Sections 12112 and 12203, as outlined below:

9. Intervenor David Case is an individual with a disability under the statute as he has a Pervasive Developmental Disorder ("PDD") which substantially limits him in one or more major life activities, including, but not limited to interacting with others, communicating, and thinking.

10. Case was employed as a Bookkeeper and accounts

receivable clerk by Defendant from approximately July 2004 to August 2005. Case was employed in the same position by Defendant's prior owners, London Meat Co., Inc., from approximately 1992 to 2004. Case performed bookkeeping services as an independent contractor for Defendant's prior owners, London Meat Co. Inc., from approximately 1982 to 1992.

11. Case performed his job duties satisfactorily at all times. Beginning in approximately the Fall of 2004, Case was subjected to numerous instances of abusive and humiliating harassment because of his disability. Such harassment included but was not limited to the following:

> (a) having gel repeatedly rubbed in his hair by a Manager;
> (b) being tied up with masking tape by a Manager and one of Defendant's co-owners;
> (c) being placed on top of a meat-wrapping machine and wrapped in plastic by a Manager and one of Defendant's co-owners;
> (d) being punched in the leg by a co-worker;
> (e) being subjected to pornographic pictures of nude people; and
> (f) having his desk repeatedly littered with paper clips and paper.

4

12. On or about July 19, 2005, Defendants terminated Case after falsely accusing him of inappropriate action to collect payment from one of Defendant's customers. In fact, Case had been instructed to take the complained of action by one of Defendant's owners.

13. On or about July 21, 2005 Case requested reconsideration of Defendant's decision to terminate him. Case informed Defendant's owners that he wanted to continue his employment with Defendant and that he wanted the harassment to stop.

14. Defendant agreed not to fire Case at that time. Approximately a month later, however, on or about August 15, 2005, Defendant again terminated Case allegedly for poor job performance.

15. Defendant terminated Case on the basis of his disability and in retaliation for complaining about the discriminatory harassment. The effect of the practices outlined above has been to inflict emotional pain, suffering, and inconvenience upon Case.

16. The effect of the practices complained of above has been to deprive the Case of equal employment opportunities and to otherwise adversely affect his status as an employee because of his disability and retaliation.

17. The unlawful employment practices complained of above

were intentional.

18. The unlawful employment practices complained of above were done with malice and reckless disregard for Case's federally protected rights, in violation of the ADA, 42 U.S.C. § 12101 *et seq.*, New York State Human Rights Law, N.Y.McKinney's Executive Law Section 290 *et seq.*, and the New York City Human Rights Law, N.Y.C. Admin. Code §8-101, *et seq.*

## INTERVENOR'S CAUSES OF ACTION

### AS A FIRST CAUSE OF ACTION FOR DISCRIMINATION UNDER TITLE I OF THE ADA:

19. Title I of the ADA, 42 U.S.C. 12101 *et seq.*, provides that it shall be an unlawful employment practice for an employer

> To discriminate against a qualified individual with a disability because of the disability of such individual in regard to . . . discharge of employees . . . and other terms, conditions, and privileges of employment.

Defendant engaged in an unlawful employment practice prohibited by the ADA, 42 U.S.C. 12101, by terminating and otherwise discriminating against Intervenor Case because of his disability.

6

## AS A SECOND CAUSE OF ACTION FOR DISCRIMINATION UNDER TITLE I OF THE ADA:

20.   The ADA, 42 U.S.C. 12101 *et seq*, provides that it shall be an unlawful employment practice for an employer:

> To discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

Defendant engaged in an unlawful employment practice prohibited by 42 U.S.C. § 12203 by terminating and otherwise discriminating and retaliating against Intervenor Case because of his disability.

## AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK STATE HUMAN RIGHTS LAW

21.   The New York State Human Rights Law, N.Y.McKinney's Executive Law Section 296(1)(a), provides that it shall be unlawful employment practice for an employer

> Because of . . . disability . . . to discharge from employment an individual or to discriminate against such individual in compensation or in the terms, conditions or privileges of employment.

The defendant engaged in an unlawful employment practice prohibited by the New York State Human Rights Law by terminating and

7

otherwise discriminating against Intervenor Case because of his disability.

### AS A FORTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK STATE HUMAN RIGHTS LAW

22.   The New York State Human Rights Law, N.Y.McKinney's Executive Law Section 296(1)(e), provides that it shall be unlawful employment practice for an employer

> To discharge, expel or otherwise discriminate against any person because he or she has opposed any [discriminatory] practices forbidden under this article . . .

Defendant engaged in an unlawful employment practice prohibited by the New York State Human Rights Law by terminating and otherwise discriminating against Intervenor Case because of his disability.

### AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION UNDER TITLE I OF THE NEW YORK CITY HUMAN RIGHTS LAW

23.   The New York City Human Rights Law, N.Y.C. Admin. Code §8-107(1)(a), provides that it shall be unlawful employment practice for an employer

> Because of the actual or perceived . . . disability . . . to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

Defendant engaged in an unlawful employment practice prohibited by the New York City Human Rights Law by terminating and otherwise

discriminating against Intervenor Case because of his disability.

## AS A SIXTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY HUMAN RIGHTS LAW

24. The New York City Human Rights Law, N.Y.C. Admin. Code §8-107(7) provides that it shall be an unlawful discriminatory practice for an employer

> To retaliate or discriminate in any manner against any person because such person has . . .opposed any practice forbidden under this chapter (discrimination against the disabled is prohibited under the chapter).

Defendant engaged in an unlawful employment practice prohibited by the New York City Human Rights Law by terminating and otherwise discriminating against Intervenor Case because of his disability.

## INJURY AND DAMAGES

As a result of the Defendant's unlawful discriminatory employment practices and tortuous conduct, Case has suffered loss of earnings and other benefits of employment including, but not limited to, medical benefits and retirement income as well as injury to his reputation and mental, emotional and physical distress, pain and suffering and future income.

9

## **REMEDY**

WHEREFORE, Intervenor requests a judgment against the Defendant:

A. Declaring that Defendant engaged in unlawful employment practices prohibited by the ADA, 42 U.S.C. § 12101 *et seq.* by discharging Intervenor from his employment and otherwise discriminating against Intervenor;

B. Declaring that Defendant engaged in unlawful employment practices prohibited by New York State Human Rights Law, N.Y.McKinney's Executive Law Section 296 by discharging Intervenor from his employment and otherwise discriminating against Intervenor;

C. Declaring that Defendant engaged in unlawful employment practices prohibited by New York City Human Rights Law, N.Y.C. Admin. Code §8-101, *et seq.*, by discharging Intervenor from his employment and otherwise discriminating against Intervenor;

D. Awarding damages to the Intervenor, retroactive to the date of his termination, for law lost wages and benefits resulting from Defendant's unlawful termination of his employment and to otherwise make him whole for any losses suffered as a result of such unlawful employment practices;

E. Awarding Intervenor future income to the Intervenor in an amount to

be proven representing all loss of future earnings, including reasonable and expected increases, bonuses, loss of retirement income and all other benefits they would have expected to earn during their entire lifetime had it not been for Defendant's unlawful discharge of his employment;

F. Awarding Intervenor compensatory damages for mental emotional and physical injury, distress, pain and suffering and injury to Intervenor's reputation in an amount to be proven;

G. Awarding Intervenor punitive damages

H. Awarding Intervenor attorneys' fees, costs and expenses incurred in the prosecution of the action;

I. Awarding Intervenors such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

## JURY DEMAND

Intervenors demand a trial by jury.

Dated: February 15, 2008

Respectfully submitted,

DAVIDSON & GRANNUM, LLP
Counsel for Proposed Third-Party Intervenor David Case

_____
Sandra D. Grannum (SG6748)
Joel E. Davidson (JD0212)
30 Ramland Road
New York, New York 10962
(845) 365-9100