DAVIDSON & GRANNUM, LLP
Sandra D. Grannum (SG6748)
Joel E. Davidson (JD0212)
30 Ramland Road
Orangeburg, New York 10962
Phone: (845) 365-9100
Attorneys for Proposed Third-Party
Intevenor David Case

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>-against-<br><br><br>LONDON MANHATTAN CORP. d/b/a/ LONDON MEAT CO., INC.<br><br>    Defendants. | Civil Acton No. 07-CIV.-8249 (LTS) (KNF) |

## MEMORANDUM OF LAW IN SUPPORT OF PROPOSED THIRD-PARTY INTEVENOR DAVID CASE

# TABLE OF CONTENTS

Introduction ................................................................................................. 1

I.   Argument ........................................................................................... 2

    A.  Standard for Intervention ........................................................... 2

II.  Conclusion......................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**

*E.E.O.C. v. Rekrem, In, 100 F.R.D. 526 (S.D.N.Y. 2001)c.* ................................................. 3

*Willis v. W.H. Braum, Inc.*, 80 Fed App.63 (10th Cir. 2003) ............................................ 3

**Statutes**

42 U.S.C. 12111(2) ............................................................................................................ 1

42 U.S.C. § 2000e-5(f)(1) .............................................................................................. 2, 3

42 U.S.C. 12111(7) ............................................................................................................ 1

42 U.S.C. 12117(a) ............................................................................................................ 2

42 U.S.C. 2000e(g) and (h) ............................................................................................... 1

42 U.S.C. 12112 and 12203 .............................................................................................. 2

**Rules**

Fed.R.Civ.P. 24(a)(1) ........................................................................................................ 3

# MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE A COMPLAINT IN INTERVENTION

PLEASE TAKE NOTICE, pursuant to Rule 24 of the Federal Rules of Civil Procedure, Intervenor David Case files this memorandum in support of his motion to intervene in the instant matter.

## Introduction

During David Case's employment, Defendant London Meat Company ("LMC") discriminated against him by subjecting him to a hostile work environment on the basis of his disability, Pervasive Developmental Disorder ("PDD"). LMS also terminated Case based on his disability and in retaliation for engaging in the protected activity of opposing LMC's unlawful conduct. Case filed a timely Charge of Discrimination with the EEOC. The EEOC determination found reasonable cause to believe Case's allegations of discrimination and retaliation were true.

Defendant London Meat Company ("LMC") is an employer within the meaning of Section 101(7) of the ADA, 42 U.S.C. 12111(7), which incorporates by reference Section 701(g) and (h) of Title VII, 42 U.S.C. 2000e(g) and (h). At all relevant times, Defendant has been a covered entity under 101(2) of the ADA, 42 U.S.C. 12111(2).

Plaintiff United States Equal Employment Opportunity Commission

1

("EEOC") is authorized under Section 107(a) of the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. 12117(a), which incorporates by reference 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. 2000e-5(f)(1), to commence an action against Defendant in connection with individual charges of disability discrimination pursuant to Title I of the ADA.

Plaintiff EEOC, filed the instant action against Defendant LMC on or about September 21, 2007, alleging violations of Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12112 and 12203.  Case now seeks to intervene in the instant action as a matter of right.

## I. Argument

### A. Standard for Intervention

Rule 24 of the Federal Rules of Civil Procedure governs motions to intervene.  Pursuant to Rule 24(a) of the Federal Rules of Civil Procedure, there is an intervention as of right:

On timely motion, the court must permit anyone to intervene who:

(1) is given an unconditional right to intervene by a federal statute; or
(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless exiting parties adequately represent that interest.

2

In this matter Mr. Case has an unconditional right to intervene in this action pursuant to federal statute. Specifically, Title VII of the Civil Rights Act of 1964 provides that an aggrieved person """ 42 U.S.C. 2000e-5(f) (1); see *E.E.O.C. v. Rekrem, Inc.*, 100 F.R.D. 526, 529 (S.D.N.Y 2001) (Title VII affords aggrieved party an unconditional right to intervene pursuant to Fed.R.Civ.P. 24(a)(1)). The term "person aggrieved" includes those, such as Mr. Case, who filed an EEOC charge. *Id.* This statutory language of Title VII, 42 U.S.C. § 2000e-5(f)(1), has been incorporated into the Americans with Disabilities Act. *Willis v. W.H. Braum, Inc.*, 80 Fed.Appx. 63 (10th Cir. 2003).

## II. Conclusion

Therefore, Proposed Third-Party Intervenor David Case respectfully requests an order granting him permission to intervene in this Action.

Dated: February 15, 2008         Respectfully submitted,

DAVIDSON & GRANNUM, LLP
Counsel for Proposed Third-Party Intervenor David Case

_____
Sandra D. Grannum (SG6748)
Joel E. Davidson (JD0212)
30 Ramland Road
New York, New York 10962
(845) 365-9100

3