


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>DAVID CASE,<br><br>Intervenor,<br><br>-against-<br><br>LONDON MANHATTAN CORP., d/b/a LONDON MEAT CO., INC.<br><br>Defendant. | No. 07 Civ. 8249 (LTS) (KNF) |

## CONSENT DECREE

On September 21, 2007, the United States Equal Employment Opportunity Commission ("EEOC" or "Commission") commenced this action alleging that London Manhattan Corp. d/b/a London Meat Co., Inc. ("London Manhattan" or "Defendant") engaged in unlawful employment practices on the basis of disability and retaliation in violation of Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991. EEOC alleged that London Manhattan discriminated against Plaintiff-Intervenor David Case (the "Charging Party") by subjecting him to a hostile work environment on the basis of his disability and terminating him on the basis of his disability and in retaliation for engaging in the protected activity of opposing the unlawful conduct. Defendant denies these allegations or any other wrongdoing.

EEOC and London Manhattan (the "Parties") desire to settle this action, and therefore do hereby stipulate and consent to entry of this Consent Decree. The Parties agree that this Decree

may be entered into without Findings of Fact and Conclusions of Law being made and entered by the Court.

In consideration of the promises, agreements and consideration contained herein, the sufficiency which is hereby acknowledged, it is agreed and IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. This Decree resolves all issues raised by EEOC Charge No. 160-2005-04168 and in the complaints filed by Plaintiff EEOC and the Charging Party in Civil Action No. 07-08249 (LTS)(KNF), now pending in the United States District Court for the Southern District of New York. This Decree in no way affects EEOC's right to process any pending or future charges that may be filed against Defendant, including a charge filed by a member of the Commission, and to commence civil actions on any such charges.

2. This Court has jurisdiction over the Parties and the subject matter of this action. The Parties agree that venue is proper and that all administrative prerequisites have been met.

3. No Party shall contest the jurisdiction of this Court to enforce this Consent Decree and its terms. Nothing in this Consent Decree shall be construed to preclude EEOC or the Charging Party from bringing proceedings to enforce the terms of this Decree in the event that Defendant fails to perform any of the promises and representations contained herein.

4. Defendant is enjoined from discriminating against any individual on the basis of his or her disability with respect to the terms, conditions, privileges, and termination of his or her employment.

5. Defendant is enjoined from retaliating against any individual who asserts his or her rights under the ADA or engages related in protected activity, including participating in this matter in any way.

6. Defendant shall pay the total sum of $70,000 to the Charging Party, which represents $8,000 in back pay, $50,000 in compensatory damages, and $12,000 for attorney's fees. Defendant will make all required deductions and withholdings from the back pay amount and issue an Internal Revenue Service ("IRS") Form W-2 to the Charging Party for this portion of the settlement. Defendant will issue IRS Form 1099's for the amounts that represent attorney's fees and compensatory damages. As to those amounts for which an IRS Form 1099 is issued, the Charging Party assumes all responsibility for making appropriate tax payments.

7. Defendant shall make the payment referenced in paragraph 6 by issuing two checks—one in the amount of $62,000 and the other in the amount of $8,000, less required deductions and withholdings. The checks shall be made payable to the Davidson & Grannum Trust account and delivered to Davidson & Grannum LLP, 40 Ramland Road, Suite 201, Orangeburg, NY 10962, upon the parties' signing of this Consent Decree and receipt of a fully executed General Release from the Charging Party. Upon approval of the Consent Decree by the court, payment will be made by Davidson & Grannum Trust to David Case as provided in paragraph 6. If the settlement is not approved, Davidson & Grannum Trust shall immediately return the checks to Defendant. A copy of all checks and any accompanying transmittal papers shall be contemporaneously forwarded by Defendant to Adela Santos, Trial Attorney, EEOC New York District Office 33 Whitehall Street, 5th Floor, New York, NY, 10004-2112.

8. Defendant will respond to any inquiries from prospective employers about the Charging Party's employment with Defendant by providing only the following information: dates of employment with Defendant. In responding to any inquiries from prospective employers about the Charging Party, Defendant shall not under any circumstances, discuss this litigation or the underlying charge.

9. Within ten (10) days after the date of entry of this Consent Decree, Defendant will post and maintain EEOC's poster at its facilities located at 56 Little West 12th Street in New York, NY, in areas and places where employee notices are posted and visually accessible to employees and applicants for employment.

10. Within ten (10) days after the entry of this Consent Decree, Defendant will post and maintain the notice, attached as Exhibit A, at its facilities located at 56 Little West 12th Street in New York, NY, in areas and places where employee notices are posted and visually accessible to employees and applicants for employment.

11. Within ninety (90) days after the date of entry of this Consent Decree, Defendant will provide two (2) hours of training in federal laws prohibiting discrimination in employment to all its employees, and an additional one (1) hour for all supervisors, managers, owners, and employees to whom complaints of discrimination can be made pursuant to Defendant's anti-discrimination policy and complaint procedure set forth in Exhibit B.

12. The training referenced in paragraph 11 infra, will be conducted by Nancy Schess of Klein Zelman Rothermel LLP. No less than thirty (30) days prior to the training Defendant will submit to EEOC for its review and approval a copy of the agenda and training materials to be used.

13. Within fifteen (15) days of the completion of each training session, Defendant will forward to EEOC a copy of each attendance sheet for each program showing the name of each employee who attended and his or her job title or position.

14. Within ten (10) days after the Court's entry of this Consent Decree, Defendant shall adopt and maintain the anti-discrimination policy and complaint procedure attached hereto as Exhibit B, which has been reviewed and approved by EEOC.

15. Defendant agrees to distribute Exhibit B to all its current employees and to each new employee hired during the duration of this Consent Decree within fifteen (15) days of their hire. Defendant shall also post and maintain Exhibit B at is facilities located at 56 Little West 12th Street in New York, NY, in areas and places where employee notices are posted and visually accessible to employees and applicants for employment.

16. EEOC may monitor Defendant's compliance with this Consent Decree, for the duration of this Decree, by inspection of Defendant's facilities and records, as well as by interviewing witnesses and employees. Defendant shall make individuals available for interviews, and shall make any records available, for inspection and/or copying to monitor compliance.

17. This Consent Decree constitutes the complete understanding between the Parties hereto. No other promises or agreements shall be binding unless agreed to in writing and signed by the Parties. No waiver, modification or amendment or any provision of this Consent Decree shall be effective unless made in writing, approved by all Parties to this Decree and approved or ordered by the Court.

18. Each party shall bear its own costs and attorneys' fees.

19. This Consent Decree will remain in effect for a period of two years from the date of entry by the Court. The Court retains jurisdiction over this action during the duration of this Decree. The matter may be administratively closed but shall not be dismissed during the duration of this Decree.

Dated: New York, NY
June 10, 2008

FOR LONDON MANHATTAN CORP.

Jane B. Jacobs (JJ 2925)
Attorney

ATTORNEYS FOR DEFENDANT

KLEIN ZELMAN ROTHERMEL LLP
485 Madison Avenue
New York, NY 10022
Tel: (212) 935-6020
Fax: (212) 753-8101

Dated: New York, NY
June 12, 2008

FOR EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Elizabeth Grossman (EG 2478)
Regional Attorney

ATTORNEYS FOR PLAINTIFF

New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004-2112
Tel: (212) 336-3695
Fax: (212) 336-3623

FOR PLAINTIFF-INTERVENOR

Sandra D. Grannum (SG 4867)
Attorney

ATTORNEYS FOR DAVID CASE

DAVIDSON & GRANNUM, LLP
30 RAMLAND ROAD
ORANGEBURG, NY 10962
TEL: (845) 365-9100
Fax: (845) 365-9190

In accordance with ¶ 19 above, the clerk of Court is respectfully requested to close this case.

SO ORDERED this 16th day of June 2008.

HON. LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

# NOTICE TO ALL EMPLOYEES OF LONDON MANHATTAN CORP. / LONDON MEAT CO., INC.

This notice is being posted as part of a Consent Decree between London Manhattan Corp. (a/k/a London Meat Co., Inc.) and the United States Equal Employment Opportunity Commission ("EEOC"), in resolution of *EEOC et al., v. London Manhattan Corp.*, Civil Action No. 07-8249 (LTS)(KNF), filed in the Southern District of New York, which alleged that London Manhattan Corp. violated Title I of the Americans with Disabilities Act of 1990 (ADA") and Title I of the Civil Rights Act of 1991, by subjecting an employees to a hostile work environment on the basis of his disability and terminating him because of his disability and/or in retaliation for opposing the harassment.

As part of the settlement, London Manhattan Corp. has agreed not to engage in discrimination or retaliation against persons with disabilities. London Manhattan Corp. has also implemented an Equal Employment Opportunity and Anti-Harassment Policy and complaint procedures and will be distributing these materials to all of its employees. Additionally, London Manhattan Corp. will be providing training to all supervisors, managers and employees regarding their rights and responsibilities with respect to issues of workplace discrimination.

Federal laws prohibit employers from discriminating against any employee or applicant for employment because of that person's sex, race, national origin, color, religion, age (40 and over), or disability with respect to hiring, compensation, promotion, termination, or other terms, conditions or privileges of employment. Federal laws also prohibit employers from retaliating against any employee or applicant for employment who reports or makes a complaint of discrimination or opposes unlawful employment practices.

London Manhattan Corp. will comply with these federal laws in all aspects, and it will not take any negative action against any employee who brings forth a complaint of discrimination pursuant to London Manhattan Corp.'s anti-discrimination policies, or because such employee files a charge of discrimination or cooperates with the EEOC, or otherwise opposes unlawful employment practices.

If you have any questions or complaints regarding discrimination, you may contact: [insert London Manhattan personnel] and/or the EEOC.

EEOC maintains offices throughout the United States and its toll-free telephone number is 1-800-USA-EEOC. The New York District Office of the EEOC which has jurisdiction over the state of New York can be reached at 1-800-669-4000 or dialed directly at (212) 336-3620. The EEOC may also be contacted through its website at www.eeoc.gov.

______________________________

This NOTICE shall remain posted until ________________, and may not be altered, defaced or covered by any other material.

SIGNED this ___ day of June 2008.

By: LONDON MANHATTAN CORP.

Michael Milano

# EXHIBIT B

# EQUAL EMPLOYMENT OPPORTUNITY/POLICY PROHIBITING WORKPLACE HARASSMENT

London Manhattan Corp. (the "Company") is committed to a work environment in which all individuals are treated with respect and dignity, free from all forms of unlawful discrimination, harassment, and retaliation.

A. Equal Employment Opportunity

At our Company, we value diversity among our employees. It is the policy of the Company to ensure equal employment opportunity for all persons without discrimination on the basis of race, color, religion, national origin, age, sex, disability, veteran status, sexual orientation, marital status or any other basis prohibited under federal, state or local law. This policy of equal employment opportunity applies to all employment practices including, but not limited to, recruiting, hiring, promotion, training, discipline and compensation. The Company will endeavor to make a reasonable accommodation to the known physical or mental impairments of a qualified applicant or employee with a disability, unless the accommodation would impose an undue hardship on the operation of our business.

B. Prohibition of Workplace Harassment

Sexual harassment, or harassment based on any characteristic prohibited by law (including an employee's race, color, religion, national origin, sexual orientation, age or marital, veteran or disability status) violates the law, has no place in the work environment, and is strictly prohibited. It is Company policy that every employee has the right to work free of harassment, sexual or otherwise. This policy prohibits harassment of employees, applicants or guests by supervisors or non-supervisory employees. Harassment of employees or applicants by outsiders, including customers, contractors, suppliers and their employees who may have business with the Company is also prohibited and, depending on the Company's degree of control over such persons, the Company may take action consistent with this policy.

1. Sexual Harassment Prohibited

The following conduct constitutes sexual harassment and will not be tolerated:

Any (a) unwelcome sexual advances, (b) request for sexual favors, or (c) other verbal comments, gestures or physical actions of a sexual or otherwise offensive nature, under any of the following circumstances:

(a) Coercing an individual to submit to such conduct as a term or condition of employment. This would include, but not be limited to, explicit or implicit promises, that in return for sexual favors, an individual will receive career advancement, or improvement in terms of work conditions or benefits of employment (*e.g.*, evaluations, promotion, transfer, training, awards, compensation, assigned duties, etc.).

(b) Using an individual employee's submission to or rejection of such conduct as the basis for an employment-related decision. This would include, but not be limited to, explicit or implicit threats that the employee's career or any terms, conditions or benefits of employment will be adversely affected if sexual advances or requests for sexual favors are rejected (*e.g.*, non-promotion or transfer, reassignment to a less desirable position/location/work schedule, etc.).

(c) Unreasonably interfering with an individual employee's work performance or creating an intimidating, hostile, or offensive working environment, whether intentionally or not. Offensive conduct covered by this last category would include, but not be limited to, deliberately provocative behavior, unwelcome sexual flirtations, advances or propositions, abusive language or gestures, overtures or statements of a sexual nature, unnecessary touching (*e.g.*, patting, pinching, hugging, brushing up against another employee's body), graphic or verbal commentaries about an employee's body, sexually suggestive or explicit jokes, a display in the workplace of sexually suggestive objects or pictures (*e.g.*, calendars, posters), the use of sexually degrading comments, or offensive nonverbal behavior (*e.g.*, leering or staring).

This policy refers not only to physical conduct, but also to verbal requests, demands, discussions or comments, whether they are face to face, in writing, delivered electronically or on the telephone. This policy applies equally to men and women, to same and opposite sex relationships, to supervisor-subordinate relationships, and to peer relationships.

2. Other Forms of Harassment Prohibited

Offensive conduct that is based upon any other protected characteristic is equally unacceptable and prohibited. This type of conduct includes, but is not limited to, jokes or comments, a workplace display of offensive materials, the use of degrading language, the inappropriate use of e-mail, etc., where such conduct is based upon an

individual's race, color, creed, religion, national origin, sex, sexual orientation, age, pregnancy or marital, veteran or disability status or other protected characteristic.

3. Employee Responsibility

Company personnel are urged to assist in preventing or eliminating workplace harassment by:

(a) Supporting the Company's policy against workplace harassment, including sexual harassment;

(b) Examining his or her behavior in the workplace;

(c) Identifying and taking individual action to stop inappropriate behavior by communicating directly and immediately with the person(s) whose behavior is offensive to you, if you are comfortable doing so; and

(d) Informing the person's immediate supervisor or Human Resources regarding the matter.

C. Complaints

Any employee who finds another person's behavior to be offensive and who is comfortable doing so may directly inform such other person that the conduct is offensive and that it must stop. In any event, employees also are encouraged to use this complaint procedure either initially or in the event the offending conduct does not stop.

Any employee who believes that he or she has been harassed, discriminated or retaliated against in violation of this policy by any employee, supervisor, or any other person in connection with employment with the Company, should follow the procedures outlined below without fear of retaliation and, to the maximum extent possible, with an assurance of confidentiality and discretion, consistent with our ability to conduct an investigation of the complaint.

If the complaint has merit, the Company will take corrective action. Violators of this policy will be subject to disciplinary action, up to and including unpaid suspension and/or termination of employment.

1. Procedure[1]

(a) An employee who believes that he or she has been subject to discrimination, harassment (sexual or otherwise), or retaliation should report the incident immediately to Thomas Ventrone or Michael Milano. If that is uncomfortable for the employee, the employee may contact Stephanie DeFilippo, who will assist and/or arrange for an investigation of the complaint.

(b) Immediate reporting by employees of any instance of discrimination, harassment, or retaliation will enable the Company to investigate and resolve any problem promptly, effectively, and fairly. All reported allegations of discrimination, harassment, or retaliation will be investigated. The investigation may include individual interviews with the people involved and, where necessary, with individuals who may have observed the alleged conduct or may have relevant information. Under no circumstances shall the person responsible for the alleged violation participate in conducting the investigation. The question of whether a particular action or incident is prohibited requires a determination based on all of the facts available in the matter. It is incumbent upon the person investigating the complaint to ensure that the alleged incident and the investigatory process are appropriately documented.

---

[1] We encourage our employees to utilize this internal complaint procedure to resolve complaints. However, in addition to the Company's internal complaint procedure, employees may file charges of unlawful harassment or discrimination with the federal Equal Employment Opportunity Commission (EEOC) and state agencies within their states. A complaint must be filed with the EEOC usually within 300 days of the harassment/discrimination, although there are some circumstances where filing is required in shorter time frames. State agencies may have different deadlines. Please note, however, that these deadlines run from the date of alleged harassment/discrimination and do not run from the date that any internal complaint to the Company is resolved.

(c) Upon completion of the investigation, the matter will be reviewed with appropriate senior management of the Company and a decision will be made regarding discipline, if any, for the responsible individual(s) and, if appropriate, redress for the aggrieved employee. It is the Company's goal to reach a decision as promptly as possible.

(d) Once a decision or decisions have been made in accordance with paragraph (c) above, the Company shall inform the aggrieved employee and the responsible individual(s), to the extent appropriate.

2. Confidentiality

Confidentiality will be maintained throughout the investigatory process to the extent practical and appropriate, consistent with the Company's ability to conduct an investigation. All records and data assembled in connection with the investigation of the complaint shall be kept separate and apart from the relevant individuals' personnel files. Any record of disciplinary action resulting from a complaint of discrimination, harassment, or retaliation shall be included in the personnel file of the disciplined employee(s).

In addition, in order to minimize needless rumors and other adverse consequences, any employee bringing a complaint, or assisting in the investigation of a complaint, should use his or her best efforts to keep the complaint and investigation process strictly confidential, except to the extent necessary to pursue the complaint.

D. Protection Against Retaliation

Retaliation against an individual for reporting discrimination or harassment, or assisting in providing information relevant to a claim of discrimination or harassment, is a serious violation of this policy and will be treated with the same strict discipline as would the harassment itself. Acts of retaliation should be reported immediately and will be promptly investigated and handled in accordance with the above complaint procedure.

E. False Or Malicious Accusations

Knowingly false or malicious complaints of discrimination, harassment, or retaliation, as opposed to complaints which, even if erroneous, are made in good faith, may be the subject of appropriate disciplinary action, up to and including unpaid suspension and/or termination of employment.